**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No.: 3:23-cv-00261-ART-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| HARRIS, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to prosecute and keep the court and Defendants apprised of his new address.

**I. BACKGROUND**

When Plaintiff filed this action, he was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. He was subsequently released from prison.

On September 18, 2025, the court granted Defendants' request to extend the dispositive motions deadline. (ECF No. 23.) On October 17, 2025, Defendants moved for and the court granted their motion for another extension of the dispositive motions deadline. (ECF Nos. 24, 25.) Defendants filed their motion for summary judgment on October 30, 2025. (ECF No. 26.) The court issued a *Klingele* order regarding the requirements for opposing a motion for summary judgment on October 31, 2025. (ECF No. 27.) On December 16, 2025, the court's September 18,

2025, order granting the first request for an extension of the dispositive motions deadline was returned as undeliverable as addressed to Plaintiff. (ECF No. 28.)

The court had not received a response to Defendants' motion for summary judgment. Nor had Plaintiff updated his contact information or otherwise had any contact with the court indicating an intent to continue to prosecute this action.

The court issued an order to the address on record for Plaintiff advising him of the requirement under Local Rule IA 3-1 to immediately file with the court written notification of a change of his mailing address. The court gave Plaintiff until December 31, 2025, to file a notice of change of address as well as a response to Defendants' motion for summary judgment. The court cautioned Plaintiff that a failure to comply may result in dismissal of this action or other sanction deemed appropriate by the court. (ECF No. 29.) The *Klingele* order was subsequently returned as undeliverable. (ECF No. 30.)

As of the date of this Report and Recommendation, the court has received no communication from Plaintiff. No change of address has been filed. Nor has Plaintiff filed a response to the motion for summary judgment.

## II. DISCUSSION

Local Rule IA 3-1 provides for dismissal of an action as a sanction for failure to comply with the requirement to immediately file a notice of change of address with the court.

In addition, Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not updated his contact information. Nor has he otherwise indicated an intent to prosecute this action despite the court giving him numerous opportunities to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to apprise the court and Defendants of his updated contact information and to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under LR IA 3-1 and Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action, and **DENYING AS MOOT** Defendants' pending motion for summary judgment (ECF No. 26).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 12, 2026

_____
Craig S. Denney
United States Magistrate Judge

4