UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT III, | Case No. 3:23-cv-00261-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| HARRIS, et al., | |
| Defendants. | |

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 26) and Mr. Scott's Motion Requesting Waiver of All PACER Fees (ECF No. 32). Mr. Scott did not respond to the Motion for Summary Judgment. On December 16, 2025, an Order granting a Motion to Extend Time (ECF No. 22) was returned as undeliverable (ECF No. 28.) United States Magistrate Judge Craig S. Denney issued an order requiring Mr. Scott to update his address and respond to the Motion for Summary Judgment by December 31, 2025. (ECF No. 29.) On January 12, 2026, Judge Denney issued a Report and Recommendation ("R&R") dismissing the action without prejudice for Mr. Scott's failure to update his address. (ECF No. 31.) The R&R was returned as undeliverable on January 30, 2026. (ECF No. 33.) On February 2, 2026, Mr. Scott updated his address, but did not respond to the Motion for Summary Judgment nor the R&R. (ECF No. 34.)

On February 10, 2026, this Court ordered Mr. Scott to object to the R&R and respond to the merits of the Motion for Summary Judgment by February 24, 2026. (ECF No. 35.) Mr. Scott did not respond. The Court therefore adopts the R&R in full.

## I.  Legal Standard

Under the Federal Magistrates Act, a court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II.   Analysis

The magistrate judge found that Mr. Scott's failure to prosecute the action satisfies Federal Rule of Civil Procedure 41(b) because the public has an interest in the expeditious of resolution, the Court has a need to manage his docket, the Defendants risk prejudice the longer the case is carried on, and public policy favoring disposition on the merits does not outweigh the other factors. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998). The Court agrees, and the R&R is adopted in full.

## III.   Conclusion

It is therefore ordered that the R&R (ECF No. 31) be ADOPTED in full.

It is further ordered that Defendant's Motion for Summary Judgment (ECF No. 26) is DENIED as moot.

It is further ordered that Mr. Scott's Motion Requesting Waiver of All PACER Fees is DENIED as moot. (ECF No. 32.)

It is further kindly ordered that the Clerk CLOSE this case.

Dated this 26th day of February, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2